IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS ROBINSON,

       Plaintiff,                No. 2:09-cv-3036 KJM EFB P

   vs.

LOR, et al.,

       Defendants.          FINDINGS AND RECOMMENDATIONS

                             /

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He proceeds on a claim that defendants Lor and Sandoval ("defendants") were deliberately indifferent to his safety in violation of the Eighth Amendment while escorting plaintiff into a van. Defendants move for summary judgment on the grounds that (1) there is no evidence that they were deliberately indifferent, and (2) they are entitled to qualified immunity.[1] The undersigned finds that there is no genuine dispute as to any material

---

[1] Defendants' motion for summary judgment, originally filed on December 16, 2011, was re-filed and re-served on July 31, 2012, in accordance with the court's July 31, 2012 order. *See* Dckt. No. 35 (directing defendants to re-serve the motion along with the notice to plaintiff required by *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012)). The July 31, 2012 order informed plaintiff that if he did not file an amended opposition within thirty days of defendants re-serving their motion for summary judgment, the court would consider his previously filed opposition ("Dckt No. 30") in resolving defendants' motion. In plaintiff's amended opposition, filed September 13, 2012 ("Dckt. No. 41"), plaintiff refers to his previously filed opposition. In an abundance of caution, the court considers both oppositions in resolving defendants' motion.

fact, and that defendants' motion must be granted.

## I. Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have

the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial

on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue. *Celotex.*, 477 U.S. at 323. Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

////

Defendants' re-filed motion for summary judgment included a notice to plaintiff informing him of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## II. Background

Plaintiff claims that defendants were deliberately indifferent to his safety on February 25, 2009 when they escorted him into a van while he was handcuffed. Complaint, ("Dckt. No. 1"), § IV; *see also* Screening Order, Dckt. No. 5. He claims that after inmate Thornton tore his "paper jumpsuit" while "leap[ing] into the van," defendants told plaintiff to "climb in," and refused to assist plaintiff even though they knew "there was no step [or] slip resistant tape on the back bumper." Dckt. No. 1 § IV. As a result, plaintiff claims he "slipped off the back bumper . . . and busted [his] right knee open." *Id.*

The record on summary judgment establishes that defendants are both correctional officers employed by the California Department of Corrections and Rehabilitation. Defs.' Mot. for Summ. J. ("Defs.' MSJ"), Stmt. of Undisp. Facts in Supp. Thereof ("SUF") 1, 2; Pl.'s Opp'n to Defs.' MSJ ("Dckt. No. 30") at 14. On February 25, 2009, defendants escorted plaintiff and inmate Thornton to a transport van, where they were to enter through outward opening double doors on the back of the vehicle, by stepping onto the bumper and into the van. SUF 3, 6; Dckt. No. 30 at 7. Both inmates were handcuffed behind their backs. SUF 5; Dckt. No. 30 at 14. As plaintiff was entering the van, he slipped on the van's bumper. SUF 8; Dckt. No. 30 at 15. As a result, he scraped his knee. SUF 10; Dckt. No. 30 at 8, 18. Defendants then took plaintiff to the medical clinic where a nurse provided him with a band-aid. SUF 9, 10; Dckt. No. 30 at 10, 18. Defendants had no reason to believe that plaintiff would slip while entering the van, as inmate Thornton did not slip when he entered the van, and the van's bumper did not appear to be slippery. SUF 12.

The parties dispute whether defendants assisted either of the inmates into the van and whether Thornton fell after he jumped into the van. *See* SUF 7, 8; Dckt. No. 30 at 18-19.[2] Additionally, plaintiff submits evidence that there were no steps leading up to the van's rear entrance.[3] Dckt. No. 30 at 19.

### III. Discussion

"[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of those necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A showing of negligence or gross negligence is not sufficient. *Id.* at 835-36; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Rather, a prisoner must show that the defendant acted with "deliberate indifference" to his health or safety. *Farmer*, 511 U.S. at 834. To do so, the prisoner must establish that the defendant knew of and disregarded an excessive risk to his health or safety. *Id.* at 837, 842 (knowledge can be inferred from the obviousness of the risk). A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk. *Id.* at 844.

Defendants move for summary judgment on the ground that plaintiff cannot demonstrate that they were deliberately indifferent to his safety in violation of the Eighth Amendment.[4] Defs.' MSJ, Mem. of P. & A. in Supp. Thereof at 5-8. Plaintiff submits evidence that there

---

[2] Plaintiff's evidence in opposition to defendants' motion consists of inmate Thornton's declaration. *See* Dckt. No. 30 at 18-19. Plaintiff's amended opposition, titled "Response to the Defendant's Reply to Plaintiff's Opposition," does not include any evidence. *See* Dckt. No. 41.

[3] Plaintiff also submits evidence that the van was normally used for the transportation of property and had no rear seatbelts. Dckt. No. 30 at 19. Given that plaintiff does not claim to have been injured while in transit or because of a lack of restraints, this evidence is not material.

[4] Because the court finds that defendants are entitled to summary judgment on this ground, it need not address defendants' argument for qualified immunity.

6

were no stairs leading to the van's rear entrance, and that defendants were aware that inmate Thornton fell and tore his paper jumpsuit when he jumped into the van.  Dckt. No. 30 at 18-19. This evidence fails to create a triable dispute regarding whether boarding the van posed a serious threat to plaintiff's safety or whether defendants knew of and deliberately disregarded that threat. *Cf Frost v. Agnos*, 152 F.3d 1124, 1127 (9th Cir. 1998) (triable issue of deliberate indifference where defendants knew that a disabled prisoner had fallen multiple times in the prison's shower facilities, but failed to take any measures to ensure that the plaintiff could shower safely).

Plaintiff's evidence has not shown that the absence of stairs to board the van equates to the deliberate disregard of a serious threat to plaintiff's safety.  The evidence does not show that Thornton suffered any injuries beyond a tear in his paper jumpsuit, or that the reason that Thornton fell was because he had no assistance in boarding the van.  The mere fact that Thornton fell after *jumping* into the van does not show that boarding the van, even handcuffed and unassisted, posed a sufficiently serious risk to plaintiff's safety. *See, e.g., Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (prisoner's bare complaint about a slippery floor does not state even an arguable claim for cruel and unusual punishment); *Clark v. Alameda County Jail*, Case No. C-11-3187 EMC, 2012 U.S. Dist. LEXIS 19777, at *4 (N.D. Cal. Feb. 16, 2012) ("Requiring an able-bodied inmate to use bunk beds with foot posts but without a ladder, handrails, or more steps does not deny him the minimal civilized measure of life's necessities"); *Curry v. Tilton*, Case No. C-07-0775 EMC,  2012 U.S. Dist. LEXIS 38463, at *41 (N.D. Cal. Mar. 21, 2012) ("Requiring an inmate to descend stairs while in waist restraints does not deny him the minimal civilized measure of life's necessities").  Thus, there is no genuine dispute as to whether boarding the van posed a serious threat to plaintiff's safety.

Plaintiff argues that "the dispute here is that the vehicle's bumper was not designed for prisoners to use in order to enter the vehicle."  Dckt. No. 30 at 11.  Assuming this is the case, however, plaintiff fails to establish that defendants had any knowledge that use of the bumper in this manner posed a substantial risk of harm to plaintiff, yet deliberately disregarded that risk.

7

1  Plaintiff contends that defendants were on notice of the risk of harm to him because defendants
2  witnessed inmate Thornton fall.  But any risk in thereafter allowing plaintiff to board the van
3  without assistance was not "obvious enough to infer subjective awareness of a substantial risk of
4  harm."  *See Frost*, 152 F.3d at 1130; *see also Wallace v. Haythorne*, Case No. Civ S-06-1697
5  MCE GGH P, 2007 U.S. Dist. LEXIS 76330, at *9  (E.D. Cal. Oct. 12, 2007), *adopted by* 2007
6  U.S. Dist. LEXIS 89800 (E.D. Cal. Dec. 5, 2007) ("Even assuming that defendants were aware
7  that a non-prisoner employee had previously tripped on one of the holes, the court does not find
8  that defendants unreasonably ignored an excessive risk.").  Thus, there is no genuine dispute as
9  to whether defendants knew of and deliberately disregarded a substantial risk of harm to
10 plaintiff.  At worst, plaintiff shows that defendants may have been negligent in not helping
11 plaintiff board the van after seeing inmate Thornton fall when Thornton jumped into the van.
12 But negligence and even gross negligence are not enough to establish an Eighth Amendment
13 violation.  *See Farmer*, 511 U.S. at 835; *see also Graham v. Harley*, No. 1:10-cv-0265, 2011
14 U.S. Dist. LEXIS 120434, at *6 (E.D. Cal. Oct. 14, 2011) ("Plaintiff's claims that Defendants . . .
15 knew he was unable to exit the van without assistance fail to state a cognizable claim.  Plaintiff
16 does not set forth any reason that Defendants . . . would be aware that he needed assistance or
17 that he was at substantial risk of serious harm.  Even accepting the allegations as true, the fact
18 that Defendants failed to assist Plaintiff would merely state a claim for negligence, which is
19 insufficient to rise to the level of an Eighth Amendment violation." (citations omitted)).

**IV.  Conclusion**

Accordingly, plaintiff has failed to demonstrate a genuine dispute of material fact and summary judgment in favor of defendants is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (Dckt. No. 36) be granted;
2. The Clerk be directed to enter judgment in defendants' favor; and

////

8

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE